UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT SHLAFER,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO.<br>3:11-cv-886 (VLB) |
| WACKENHUT CORPORATION,<br>    Defendant. | : <br> : | December 2, 2011 |

## MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [Doc. #14]

Plaintiff, Robert Shlafer ["Shlafer"] initiated this action against his employer, Defendant Wackenhut Corporation ["Wackenhut"], alleging discrimination on the basis of age and physical disability pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ["ADA"], the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621-634 ["ADEA"], and the Connecticut Fair Employment Practices Act, Conn. Gen. Stats. 46a-60(a)(1) ["CFEPA"]. Currently pending before the Court is a Motion to Dismiss the Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. Pr. 12(b)(6) for failure to state a claim upon which relief may be granted.

### I.  Factual Background

The following facts are taken from the Plaintiff's Complaint. Shlafer, a resident of the State of Connecticut, was employed by Defendant Wackenhut as a receptionist/telephone operator in Stamford, Connecticut. [Dkt. #1, Compl. ¶1]. Defendant Wackenhut maintains its corporate headquarters in Palm Beach

1

Gardens, Florida and conducts business as a private employer within the State of Connecticut. [*Id.* at ¶2].

Plaintiff was hired by Wackenhut on May 4, 2006, at the age of 63, as a security officer trainee, and was assigned to General Electric ["GE"] Consumer Finance. [Dkt. #1, Compl. at ¶¶1,3]. Plaintiff was later assigned to be a lobby receptionist and part-time phone operator, although he did not receive any training for these positions. [*Id.*]. While at these positions, Thomas Fink, a Wackenhut IT Supervisor and the supervisor of another GE site, granted Plaintiff permission to make limited personal use of the client's computer. [*Id.*]. After several reassignments, Plaintiff was ultimately employed in November 2006 as a full-time receptionist/phone operator. [*Id.*]. At that time, Plaintiff had not received any on-the-job training as a security officer. [*Id.*].

In September 2008, Plaintiff informed Wackenhut that he had been diagnosed with severe Chronic Obstructive Pulmonary Disease ["COPD"]. [Dkt. #1, Compl. ¶4]. On November 13, 2008, Plaintiff was terminated from his employment position for alleged improper use of a client's computer. Specifically, Plaintiff asserts that he was terminated for an allegedly improper email sent to his immediate supervisor, James Purefoy. [*Id.* at ¶5]. Plaintiff contends that Wackenhut was aware that other employees occasionally sent personal emails from client computers and condoned such occasional usage. [*Id.*]. Plaintiff asserts that no other employee had been reprimanded for the occasional personal use of email from a client's computer. [*Id.*]. The State of Connecticut Department of Labor found that the email for which Plaintiff was terminated was

not a willful threat and was not willful misconduct. [*Id.* at 9]. Plaintiff claims that he was wrongfully terminated from his position because his limited use of the client's computer was consistent with company policy and he was given permission to occasionally access his email for personal reasons. [Dkt. #1, Compl. ¶6].

Instead, Plaintiff asserts that he had no disciplinary problems, performed his job adequately, and was wrongfully terminated on the basis of his age and physical disability in violation of the ADEA, ADA, and CFEPA. [Dkt.#1, Compl. ¶8]. Plaintiff states that following his termination he was replaced by a younger individual. [*Id.* at ¶7]. This younger individual was replaced after only a short time by a 73 year old woman. [*Id.*]. Additionally, Plaintiff notes that Wackenhut was aware of his medical condition, severe COPD, prior to his termination. [*Id.* at ¶ 4].

II. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal quotations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955,

167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949-50). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted).

The Court's review on a motion to dismiss pursuant to Rule 12(b)(6) is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). In addition, the Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in

4

bringing suit." *Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Here, Plaintiff relied on the complaint he filed with the Connecticut Commission on Human Rights and Opportunities ["CHRO Complaint" dated 05/08/09], a copy of which is attached to Defendant's motion to Dismiss and supporting Memorandum as Exhibit A, in order to demonstrate that he exhausted his administrative remedies. Therefore, although Plaintiff did not attach his CHRO complaint to his complaint to this Court, the Court takes judicial notice of the CHRO Complaint for purposes of its analysis of Defendant's Motion to Dismiss. *See Anderson v. Derby Bd. of Educ.*, 718 F.Supp.2d 258, 273 n.33 (D.Conn. 2010).

### III. Discussion

#### A. Counts Three and Four: Discrimination in Violation of CFEPA

The Court notes at the outset that in his Opposition Memorandum, Plaintiff makes no objection to, and is in fact silent on, Wackenhut's Motion to Dismiss Plaintiff's CFEPA claims as time-barred. Despite this silence, the Court now analyzes the validity of Wackenhut's arguments regarding the timeliness of Plaintiff's CFEPA claims.

Conn. Gen. Stat. §46a-102 provides that "[a]ny action brought in accordance with section 46a-100 shall be brought within two years of the date of filing of the complaint with the commission." Conn. Gen. Stat. §46a-102. As another Court in this district has held, "[i]t is axiomatic that a plaintiff who fails to follow the administrative route that the legislature has prescribed for her [CFEPA] claim of discrimination lacks the statutory authority to pursue that claim in

court." *Carter v. City of Hartford*, No. 397-CV-832, 1998 WL 823044, at *9 (D.Conn. Sept. 30, 1998). Within this District, failure to satisfy the exhaustion provisions of CFEPA consistently results in dismissal for lack of subject matter jurisdiction. *See Anderson*, 718 F.Supp.2d at 272.

Here, Plaintiff filed his complaint with the CHRO on May 8, 2009. [Dkt. # 15, Ex. A]. Plaintiff filed a complaint in this Court on June 1, 2011. As the Court is exercising supplemental jurisdiction over Plaintiff's CFEPA claims, state law applies for purposes of determining when an action is commenced. *See Promisel v. First American Artificial Flowers, Inc.*, 943 F.2d 251, 257 (2d Cir. 1991) ("In applying pendent jurisdiction, federal courts are bound to apply state substantive law to the state claim.") (citation omitted); *see also Kotec v. Japanese Educational Institute of N.Y.*, 321 F.Supp.2d 428, 431 (D.Conn. 2004) (recognizing that a federal court sitting in supplemental jurisdiction "looks to state law, and not the federal rules, for purposes of determining when a plaintiff commences an action."). Under Connecticut law, it is well settled that an action is commenced for purposes of a statute of limitations on the date of service of the complaint upon the defendant. *See Kotec*, 321 F.Supp.2d at 431 (citing *Converse v. General Motors Corp.*, 893 F.2d 513, 515-16 (2d Cir. 1990)).

Plaintiff's failure to attach a certification of service to his complaint prevents the Court from ascertaining the date upon which service of the complaint was affected on Defendant Wackenhut. However, given that Plaintiff's complaint was already time barred on June 1, 2011 when it was filed with the Court, the date upon which the Defendant was served with the complaint is

irrelevant. By June 1, 2011, well over two years had passed since Plaintiff filed his complaint with the CHRO on May 8, 2009. Therefore, the Court dismisses Counts Three and Four of Plaintiff's Complaint, his CFEPA claims, for failure to comply with the two-year time limitation provided for in Conn. Gen. Stat. §46a-102. *See Hyde v. Beverly Hills Suites LLC*, No. 3:08-cv-1374 (CFD), 2009 WL 1407133, at *1 (D.Conn. May 19, 2009)(dismissing a plaintiff's CFEPA claim for failure to comply with the two-year time limitation in Conn. Gen. Stat. §46a-102).

    B.   Count One: Discrimination in Violation of ADEA

The ADEA prohibits employers from "refusing to hire, discharging or otherwise discriminating against an employee with regard to compensation, terms, conditions, or privileges of employment because of age. *See* 29 U.S.C. §623(a)(1). The Supreme Court has held that a plaintiff raising a disparate treatment claim under the ADEA "must prove by a preponderance of the evidence that age was the 'but-for' cause of the challenged adverse employment action," rather than merely a motivating factor. *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 129 S.Ct. 2343, 2352, 174 L.Ed.2d 119 (2009). Although in *Gross* the Supreme Court declined to definitively determine whether the burden-shifting test of *McDonnell Douglas*, 411 U.S. 792, 93 S.Ct. 1817 (1973), utilized in Title VII cases is applicable in the ADEA context, it is well established that the Second Circuit applies the *McDonnell Douglas* burden-shifting analysis to claims brought pursuant to the ADEA. *See Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010).

**Under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. 411 U.S. at 802, 93 S.Ct. 1817. In order to establish a prima facie case of discrimination, the plaintiff must show that: "(1) he was part of the protected group; (2) he was qualified for the position; (3) he experienced an adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination." *See Hrisinko v. New York City Dept. of Educ.*, 369 Fed.Appx. 232, 235 (2d Cir. 2010). If plaintiff satisfies this initial burden, the burden shifts to the defendant to articulate "some legitimate, non-discriminatory reason," for the action taken. *Id.* If the defendant is able to provide such a reason, the plaintiff, in order to prevail, must show that the employer's proferred reason was merely a pretext for impermissible discrimination. *See Hrisinko*, 369 Fed.Appx. at 235.**

**However, the Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992 (2002) clarified that the *McDonnell Douglas* burden-shifting test is an evidentiary standard, as opposed to a pleading requirement. 534 U.S. at 510. Accordingly, the Supreme Court held that in employment discrimination cases, a plaintiff need not present allegations sufficient to establish a prima facie case of employment discrimination or to satisfy the burden-shifting framework of *McDonnell Douglas* in order to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Id.* Rather, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," and providing "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512 (citing *Conley v. Gibson*, 355 U.S. 41, 47,**

78 S.Ct. 99, 2 L.Ed.2d 80 (1975)). In order to satisfy the facial plausibility standard in the employment discrimination context, a combination of *Iqbal* and *Swierkiewicz*, a complaint must allege "the essential elements of an employment discrimination claim—that plaintiff suffered discrimination on the basis of protected status." *Mabry v. Neighborhood Defender Service*, 769 F.Supp.2d 381, 392 (S.D.N.Y. 2011)(citing *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)). Plaintiff must set forth factual circumstances from which discriminatory motivation may be inferred. *Id.* Discriminatory motivation may be established by allegations of preferential treatment given to similarly situated individuals, or remarks conveying discriminatory animus. *Patane*, 508 F.3d at 112-13.

  Here, even accepting all of the facts alleged in the complaint as true and drawing all reasonable inferences in favor of the Plaintiff, Plaintiff's complaint fails to allege sufficient facts from which a reasonable trier of fact could infer that Plaintiff was wrongfully discharged on account of his age. Plaintiff asserts that Wackenhut's purported justification for his termination, alleged improper use of client equipment in utilizing a client's computer to access his personal email, is merely pretextual because he was given permission to occasionally access his email, and no other employee had been reprimanded for the occasional use of personal email. However, Plaintiff's attempt to raise allegations of preferential treatment cannot raise an inference of discriminatory motivation absent allegations that the other employees who received preferential treatment by avoiding any disciplinary action were substantially younger. *See O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 116 S.Ct. 1307, 312

**(1996)(recognizing that preferential treatment towards someone substantially younger can be a reliable indicator of age discrimination);** see also Mitchell-White v. Northwest Airlines, Inc., **2011 WL 5023252 (2d Cir. Mar. 1, 2011) (dismissing a claim of age discrimination brought pursuant to the ADEA for failure to state a claim where the complaint failed to include any allegations demonstrating that the differential treatment was** actually motivated by **age) (emphasis added). Absent any allegations that those who received preferential treatment were substantially younger, it is entirely unclear why the Plaintiff was singled out to receive an adverse employment action.** See Perry v. NYSARC, Inc., **424 Fed.Appx. 23, 25 (2d Cir. 2011)("At the pleading stage, we consider only whether the complaint includes factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting** Twombly, **550 U.S. at 555). Fraught with speculation, these allegations of discriminatory motivation cannot satisfy the pleading standard laid out by the Supreme Court in** Iqbal **and** Swierkiewicz**, requiring allegations demonstrating that the plaintiff suffered discrimination** on the basis of **protected status.** See Mabry, **769 F.Supp.2d at 392 (emphasis added).**

**In another attempt to demonstrate discriminatory intent, Plaintiff points to the fact that following his termination he was initially replaced by a younger individual. [Dkt. #1, Compl. ¶7]. However, Plaintiff does not include the individual's age. As the Supreme Court has recognized, in the age discrimination context, a discriminatory inference "cannot be drawn from the replacement of one worker with another worker insignificantly younger."** O'Connor, **517 U.S. at 313. Absent any indication of the younger individual's age, any inference of**

discrimination on the basis of this allegation would be purely speculative. *See Iqbal*, 129 S. Ct. at 1949 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " (quoting *Twombly,* 550 U.S. at 557). Moreover, Plaintiff freely admits that this younger individual was replaced, after only a short time, by a 73 year old woman, thereby directly undermining any possible inference of discrimination in his termination and replacement. [Dkt. #1, Compl. ¶7].

Therefore, Plaintiff's claim to have been terminated on the basis of his age in violation of the ADEA is not supported by sufficient factual allegations "to raise a right to relief above the speculative level," and Plaintiff's ADEA claim must be dismissed. *Perry*, 424 Fed. Appx. at 25.

C. Count Two: Discrimination in Violation of the ADA

The ADA was enacted in 1990 to eradicate widespread discrimination against disabled individuals. *See* 42 U.S.C. §12191, et seq. Title I of the ADA prohibits employers from discriminating against any "qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms conditions, and privileges or employment." 42 U.S.C. §12112(a).

Claims alleging disability discrimination in violation of the ADA are also subject to the burden-shifting analysis set forth by the Supreme Court in *McDonnell Douglas*. 411 U.S. 792, 93 S.Ct. 1817. As discussed above, under the

*McDonnell Douglas* burden-shifting framework, a plaintiff bears the initial burden of establishing a prima facie case of discrimination. *Id.* at 802. A prima facie case of discrimination in violation of the ADA requires proof, by a preponderance of the evidence that: (1) the employer is subject to the ADA; (2) the plaintiff-employee was disabled within the meaning of the ADA; (3) the plaintiff-employee was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) the plaintiff-employee suffered adverse employment action because of his disability. *See Giordano v. City of New York*, 274 F.3d 740, 747 (2001). If the plaintiff satisfies this initial burden, the employer must then offer a legitimate non-discriminatory reason for the discharge; the burden then returns to the plaintiff to produce evidence that the proferred reason is merely a pretext. *See Farina v. Branford Bd. of Educ.*, No. 10-4347-cv, 2011 WL 5607603, at *2 (2d Cir. Nov. 18, 2011) (citing *McDonnell Douglas*, 411 U.S. 792, 93 S.Ct. 1817).

Plaintiff alleges that Wackenhut's proffered justification for terminating his employment, the alleged improper use of client provided equipment, utilizing a client's computer to access his personal email, is merely pretextual, and Wackenhut's true motive was unlawful disability discrimination. To support his contention that Wackenhut impermissibly discriminated against him on the basis of a disability, Plaintiff points to the temporal proximity between September 2008, when he notified Wackenhut of his diagnosis with severe COPD, and November 13, 2008 when Plaintiff was terminated.

As other courts within the Second Circuit have held, temporal proximity is sufficient to raise an inference of discrimination to plausibly state a claim of employment discrimination. *See Hill v. Dale Electronics Corp.*, 2004 WL 2937832, at *3 (S.D.N.Y. Dec. 19, 2004) (denying a motion to dismiss plaintiff's claim of employment discrimination on the basis of temporal proximity creating an inference of discrimination where plaintiff announced that she was pregnant in early September and was terminated in late September); *see also Pellegrino v. County of Orange*, 313 F.Supp.2d 303, 315 (S.D.N.Y. 2004) (holding that the temporal proximity between plaintiff's announcement of her pregnancy and the process of her termination was sufficient to establish a prima facie case of employment discrimination). The Court finds these cases persuasive as they are consistent with the standard for employment discrimination claims at the pleading stage as articulated by the Second Circuit recently in *Perry*, instructing that courts should consider only whether the complaint includes factual allegations sufficient to 'raise a right to relief above the speculative level.' " 424 Fed.Appx. at 25 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

Therefore, given that Plaintiff has plausibly alleged a claim of disability discrimination in violation of the ADA, the Defendant's Motion to Dismiss Count Two of Plaintiff's Complaint must be denied.

IV. Conclusion

Based upon the foregoing reasoning, Wackenhut's motion to dismiss Plaintiff's Complaint is GRANTED as to Counts Three and Four as the claims are

time barred. Wackenhut's Motion to Dismiss Count Two of the Plaintiff's Complaint is DENIED as the Court holds that Plaintiff has sufficiently plead a claim of disability discrimination in violation of the ADA. Lastly, Wackenhut's Motion to Dismiss Count One of Plaintiff's Complaint is GRANTED without prejudice. Plaintiff may, within thirty days of this Order, amend his complaint to plead sufficient facts, as indicated by this Order, to sufficiently allege a violation of the ADEA.

                                                          IT IS SO ORDERED.

                                                      _____/s/_____
                                                      Vanessa L. Bryant
                                                      United States District Judge

Dated at Hartford, Connecticut: December 2, 2011.